UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

MARIA CORTES, an Individual; YASMIN STAUNAU, an individual; ALYSSA KENT, an individual; ARIN VANDERHOFF, an individual; DENISE CLARK, an individual; CHEMEN CLEARWATERS, an individual; KIRSTEN LaSHOT, an individual; LORI UMENHOFER, an individual; SHELLEY TONCRAY, an individual; SKYLAR NESTA, an individual; STEPHANIE WEBSTER, an individual; YESENIA SILVA, an individual; WENDY WRAY-WILLIAMS, an individual; CAROLINE McGILVARY, an individual; and JULIE BUSTER, an individual,

                      Plaintiffs,

v.

SPRINGFIELD PUBLIC SCHOOLS, a public body; SPRINGFIELD EDUCATORS ASSOCIATION, a labor union; OREGON SCHOOL EMPLOYEES ASSOCIATION, a labor union,

                      Defendants.

Case No. 6:23-cv-00680-MK

**FINDINGS AND RECOMMENDATION**

**KASUBHAI,** United States Magistrate Judge:

    Plaintiffs Maria Cortes, Yasmin Staunau, Alyssa Kent, Arin Vanderhoff, Denise Clark, Chemen Clearwaters, Kirstin LaShot, Lori Umenhofer, Shelley Toncray, Skylar Nesta, Stephanie Webster, Yesenia Silva, Wendy Wray-Williams, Caroline McGilvary, and Julie Buster,

Page 1 — FINDINGS AND RECOMMENDATION

(collectively, "Plaintiffs") sued their former employer Springfield Public Schools ("SPS") and two labor unions, Springfield Educator's Association ("SEA") and Oregon School Employees Association ("OSEA") alleging federal and state claims of employment and religious discrimination. Before the Court is Defendant OSEA's Motion to Dismiss, ECF No. 67, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). Plaintiffs did not file an opposition to OSEA's motion. For the reasons below, Defendant's motion should be GRANTED.

## BACKGROUND

Plaintiffs are fifteen current and former employees of Defendant SPS who applied for religious exemptions from their employer's COVID-19 vaccine mandate but were placed on indefinite unpaid administrative leave. Fifth Am. Compl. ¶ 1, ECF No. 58. In August 2021, the Oregon Health Authority mandated that employees in public school facilities be vaccinated against COVID-19. *Id*. ¶ 53. Employees could seek religious exemptions to the mandate. *Id*. ¶ 54. Plaintiffs allege that, when they sought religious exemptions, SPS "did not engage in a good-faith, interactive exploration of potential accommodations," but instead uniformly placed exempted employees on indefinite administrative leave. *Id*. ¶¶ 62-64. Plaintiffs allege state and federal religious discrimination claims and a 42 U.S.C. § 1983 First Amendment claim against SPS, and a state law claim against Defendants OSEA and SEA for aiding and abetting religious discrimination in violation of Or. Rev. Stat. § ("ORS") 659.030(1)(g).

As relevant to this motion, Defendant OSEA was the exclusive collective bargaining representative for Plaintiffs Kent, Clark, Umenhofer, Toncray, Webster, Silva, and Buster, and Defendant SEA was the exclusive bargaining representative for Plaintiffs Cortes, Staunau, Vanderhoff, Clearwaters, LaShot, Nesta, Wray-Williams, and McGilvary. *Id*. ¶ 2. Plaintiffs allege that Defendants OSEA and SEA aided and abetted SPS' religious discrimination in

violation of state law "by agreeing to allow [SPS] to place Plaintiffs on indefinite unpaid leave as a so-called 'accommodation.'" *Id*. ¶ 67. As the factual basis for this claim, Plaintiffs rely on memorandums of agreement (MOAs) entered into by Defendants OSEA and SEA with Defendant SPS related to the COVID-19 vaccine mandate. *Id*. ¶¶ 119-120, Exs. F, G.

## STANDARDS[1]

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, courts must presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Advanced Integrative Med. Sci. Institute, PLLC v. Garland*, 24 F.4th 1249, 1256 (2022). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Edison v. U.S.*, 822 F.3d 510, 517 (9th Cir. 2016). A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where the challenger disputes the truth of the allegations that, by themselves, would otherwise

---

[1] Although Defendant OSEA also moved to dismiss under Rule 12(b)(6), that standard is omitted here because Defendant OSEA's arguments under Rule 12(b)(1) are dispositive.

invoke federal jurisdiction." *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013). A factual attack on the plaintiff's assertion of jurisdiction "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614. *See also Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

## DISCUSSION

Defendant OSEA argues (1) that Plaintiffs have failed to state a claim for relief against it and (2) that this Court lacks subject matter jurisdiction. The Court does not reach the first argument because it agrees that it lacks subject matter jurisdiction over the claim against Defendant OSEA.

The sole claim asserted against OSEA is a state law claim for aiding and abetting religious discrimination under ORS 659.030(1)(g). Under Section 659A.030(1)(g), it is an unlawful employment practice "[f]or any person, whether an employer or employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." Plaintiffs allege that OSEA's act of signing the MOA is the basis for their aiding and abetting religious discrimination claim. Defendant argues that this Court lacks subject matter jurisdiction over Plaintiffs' claim because Plaintiffs' Complaint on its face establishes this Court's lack of subject matter jurisdiction. Specifically, it argues that, because the claim against it is based on its duty of fair representation, the claim is within the exclusive jurisdiction on the Employment Relations Board ("ERB"). Plaintiffs failed to file a response in opposition to Defendant's motion.

Under Oregon law, the duty of fair representation is one "created by statute and…a breach of that duty constitutes an unfair labor practice." *Coleman v. Children's Servs. Div. of Dep't of Hum. Res.*, 71 Or. App. 687, 690, 694 P.2d 555, 557 (1985). ERB has "exclusive jurisdiction to decide all unfair labor practice complaints concerning public employers." *Id*. at 692 (citation omitted); *see also* ORS 243.676 (providing that "[w]henever a written complaint is filed alleging that any person has engaged in or is engaging in any unfair labor practice," ERB must investigate and make factual and legal findings); *Ahern v. Oregon Pub. Emps. Union*, 329 Or. 428, 435, 988 P.2d 364, 367 (1999) (ERB has "exclusive jurisdiction to determine whether an unfair labor practice has been committed").

Based on Plaintiffs' allegations and analogous case law, the Court agrees that Plaintiffs' claim as alleged is based on unfair labor practices which falls under the exclusive jurisdiction of ERB. The basis for Plaintiffs' claim against Defendant OSEA is its entry into an MOA with the District. It is not based on any affirmative conduct of Defendant OSEA with respect to Plaintiffs specifically, but rather:

> Making matters worse is that the Unions – the SEA in the case of the Teachers' Union Members, the OSEA in the case of the OSEA Members – as the exclusive collective bargaining representatives for their respective groups of Plaintiffs, *owed Plaintiffs a duty of fair representation that required the Unions to act in their members' best interests. The Unions did no such thing*: Instead, they actively aided and abetted SPS' discrimination against Plaintiffs by agreeing to allow the District to place Plaintiffs on indefinite unpaid leave as a so-called "accommodation[.]"

Fifth Am. Compl. ¶ 67 (emphasis added).

In Plaintiffs' own words, their claim is one for breach of Defendant OSEA's duty of fair representation relative to its entry into the MOA with SPS, which is a complaint about unfair labor practices. *See Coleman*, 71 Or. App. at 691 ("ERB's determination that a violation of the union's duty of fair representation constitutes an unfair labor practice[] under ORS 243.672 is reasonable…"). This also aligns with other cases which have explained that claims which are

Page 5 — FINDINGS AND RECOMMENDATION

premised on a violation of a union representative's duty of fair representation implicate the statute which imposes that duty, even if couched as other types of claims. *See, e.g.*, *Ahern*, 329 Or. at 433 (a plaintiff cannot avoid ERB's jurisdiction by alleging an unfair labor practice as an element of another type of claim); *Adkins v. Mireles*, 526 F.3d 531, 540 (9th Cir. 2008) (Where state law claims are "inextricably linked to [a defendant's] performance of duties owed in their capacity as union representatives," such claims are governed by labor law because the claims depended on whether the defendant union violated its duty of fair representation).[2]

Accordingly, because Plaintiffs' aiding and abetting claim on its face is based on Defendant OSEA's duty of fair representation related to its entry into an MOA, their claim is one for unfair labor practices which is in the exclusive jurisdiction of ERB and this Court lacks subject matter jurisdiction. In addition, because the claims against Defendant SEA rest on the same facts regarding its fair representation of Plaintiffs, *see* Fifth Am. Compl. ¶¶ 67, 119, the Court likewise lacks subject matter jurisdiction over that claim. The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary). Accordingly, the claim against SEA for aiding and abetting should be dismissed with prejudice for lack of subject matter jurisdiction for the same reasons.

---

[2] Although the issue in this latter case was the preemption of state law claims by federal law—which is not the question before the Court here—the analysis about the nature of claims based on a duty of fair representation but pled as a different type of claim is equally applicable to this case.

## RECOMMENDATION

For the reasons above, Defendant OSEA's Motion to Dismiss (ECF No. 67) should be GRANTED and the claims against it should be DISMISSED with prejudice. Further, the claims against Defendant SEA should be DISMISSED with prejudice for lack of subject matter jurisdiction.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 24th day of September 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge